IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA LONGORIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3111-L |
| | § | |
| COUNTY OF DALLAS, TEXAS and | § | |
| RICHIE LADONE WIMBISH, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Paula Longoria has filed a Motion to Quash the Subpoena of Plaintiff Paula Longoria. *See* Dkt. No. 40. United States District Judge Sam A. Lindsay referred this motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 42. Defendant Richie Ladone Wimbish ("Wimbish") responded and included within its response a Motion for Protective Order and Motion to Quash Plaintiff's Deposition. *See* Dkt. No. 46. Defendant County of Dallas, Texas ("Dallas County"; collectively with Wimbish, "Defendants") likewise filed a Motion to Quash in part and/or for Protective Order Regarding Plaintiff's Amended Notice of Plaintiff's Deposition. *See* Dkt. No. 45. Judge Lindsay has referred this motion for determination as well. *See* Dkt. No. 53. Plaintiff filed a reply in support of her motion and responses to Defendants' respective motions. *See* Dkt. Nos. 49 & 51.

The Court heard oral argument on all of these related motions on February 24, 2016. *See* Dkt. No. 55.

For the reasons explained below, Court GRANTS in part Plaintiff's Motion to Quash the Subpoena of Plaintiff Paula Longoria [Dkt. No. 40], DENIES Defendant Richie Ladone Wimbish's Motion for Protective Order and Motion to Quash Plaintiff's Deposition [Dkt. No. 46], and DENIES Defendant Dallas County's Motion to Quash in part and/or for Protective Order Regarding Plaintiff's Amended Notice of Plaintiff's Deposition [Dkt. No. 45].[1]

**Background**

Plaintiff alleges that she was incarcerated in Dallas County Jail as a pre-trial detainee when she was sexually assaulted by Wimbish, a guard and employee of Defendant Dallas County at the time. *See* Dkt. No. 1. Plaintiff alleges that, sometime between September 1, 2012 and September 18, 2012, Wimbish escorted Plaintiff out of her cell and to a mattress room in the West Tower Jail Facility and engaged in sexual intercourse with Plaintiff without her consent. *See id.* Plaintiff filed this action against the Dallas County and Wimbish, alleging a 42 U.S.C. § 1983 claim against Dallas County and a claim for Intentional Infliction of Emotional Distress against Wimbish. *See id.*

The motions to quash and for protective order at issue in this order relate to notices served by Plaintiff and Wimbish for Plaintiff's deposition and specifically to

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

whether Dr. Catherin Roberts should be precluded from attending the deposition.

Plaintiff asserts that Defendants have not shown good cause to exclude Dr. Roberts, Plaintiff's treating psychiatrist and retained expert, from attending Plaintiff's deposition, including any evidence that Dr. Roberts's presence would in any way disrupt the deposition, interfere with the questioning, or otherwise be improper. Plaintiff reports, that, as explained in Dr. Roberts's declaration submitted in response to Defendants' motions, Dr. Roberts believes that her presence at the deposition will have a calming effect on Plaintiff during what will undoubtedly be a stressful situation and will help keep Plaintiff focused on responding to the questions and telling the truth. Plaintiffs explains that Dr. Roberts has been Plaintiff's treating psychiatrist, has been retained as an expert by Plaintiff, and will be designated as a testifying expert for Plaintiff in this case pursuant to the scheduling order. Plaintiff asserts that, by attending the deposition, Dr. Roberts will not be interfering with the deposition. Plaintiff further notes that she does not dispute that Plaintiff can be deposed and answer questions, given that her own counsel has noticed her deposition, and that the question of whether there is good cause to preclude her retained expert from attending the deposition is distinct from any issues about Plaintiff's competence or credibility.

Dallas County asserts that, based on the nature of Plaintiff's claims, it is imperative that Defendants be able to freely, and without interference, question Plaintiff to determine what mental health issues and emotional distress she believes that she has suffered. Dallas County contends that this questioning cannot truthfully proceed with Dr. Roberts present because, Dallas County believes, Plaintiff seeks Dr.

Roberts's presence to control Plaintiff's testimony and/or influence it in some way, directly or indirectly. Dallas County seeks a protective order declaring that Dr. Roberts cannot be present for Plaintiff's deposition.

Wimbish likewise seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(E) for cause to preclude Dr. Roberts from attending Plaintiff's deposition, in both the deposition noticed by Wimbish and the deposition noticed by Plaintiff's counsel. For his part, Wimbish, relying on the Affidavit of Marisa Garza (Plaintiff's probation officer), asserts that Plaintiff is fully capable of being deposed and of understanding and answering deposition questions and that Dr. Robert's presence is likely to negatively influence and interfere with the accuracy Plaintiff's testimony, inhibiting her from freely and truthfully testifying. Wimbish also argues that Dr. Roberts is not yet designated as an expert or fact witness and therefore does not fall within the scope of persons who should generally be permitted to attend a deposition. Wimbish asserts that Dr. Roberts's presence is not necessary where Plaintiff is not a child, has provided an affidavit that the sexual encounter with Wimbish was consensual, only started seeing Dr. Roberts when Plaintiff's counsel started paying for her to see Dr. Roberts as part of this lawsuit, does not have a long-term relationship with Dr. Roberts, and is mentally competent and fully capable of being deposed and answering questions. Relying on Ms. Garza's affidavit, Wimbish contends that the only reason that Plaintiff wants Dr. Roberts in Plaintiff's deposition is to attempt to influence Plaintiff to change her answers to please her lawyer and her lawyer's expert witness (Dr. Roberts) in order for Plaintiff to try to keep the benefits of the payments

and perks that she is receiving from Plaintiff's attorneys and that this negative influence will likely prevent Plaintiff from testifying accurately and inhibit her from freely and truthfully testifying.

## Legal Standards

Although styled as motions to quash, because these motions all address a notice of deposition of a party, they are properly considered to be – and will be treated as – motions for a protective order under Federal Rule of Civil Procedure 26(c). *See, e.g.*, *Wyant v. Nationstar Mortg., LLC*, No. Civ. A. 14-0422, 2015 WL 474323, at *2 (W.D. La. Feb. 4, 2015).

Under Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... designating the persons who may be present while the discovery is conducted." FED. R. CIV. P. 26(c)(1)(E). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by

discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

Rule 26(c) has been amended, effective December 1, 2015. The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26, as amended, to these motions is both just and practicable, and the briefing does not reflect any contrary position by the parties. Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company,* ___ F.R.D. ___, No. 3:15-cv-1026-M, 2015 WL 8010920, at *3-*10 (N.D. Tex. Dec. 7, 2015).

**Analysis**

Each party here seeks a Rule 26(c)(1)(E) order as to whether Dr. Roberts may or may not be present at Plaintiff's deposition. The United States Court of Appeals for the Fifth Circuit has explained that Federal Rule of Civil Procedure 30(c)(1) "make[s] clear that, in the typical case, deposition witnesses are not subject to sequestration" and "establish[es] a general rule that 'other witnesses are not automatically excluded from a deposition simply by the request of a party.' Rather, exclusion of other witnesses requires that the court grant a protective order pursuant to [what is now restyled as Rule 26(c)(1)(E)] of the Federal Rules of Civil Procedure." *In re Terra,* 134 F.3d at 306

(quoting Fed. R. Civ. P. 30(c) advisory committee notes).

As another judge in this circuit recently observed, when measured against the requirement to make a particular and specific demonstration of fact sufficient to warrant a protective order precluding a person from attending a party's or other witness's depositions, "[c]ourts, for example, have found good cause to restrict who may be present when the deponent is likely to be intimidated by a prospective attendee, or where the privacy interests of a party or deponent would be compromised. On the other hand, courts have declined to order sequestration based on a conclusory allegation or inchoate fear that witnesses who attend each other's depositions will tailor their testimony to conform." *David v. Signal Int'l, LLC*, No. Civ. A. 08-1220, 2014 WL 2581319, at *2 (E.D. La. May 14, 2014) (citations omitted); *see also Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.*, No. CIV 09-0885 JB DJS, 2010 WL 5476782, at *6 (D.N.M. Nov. 24, 2010) ("There may be circumstances where excluding witnesses may be necessary, i.e., where a deponent may be intimidated, where the deposition may elicit confidential information that could be harmful in the hands of a competitor, or where it is clear a group of witnesses is trying to get its story down...." (internal quotation marks and citations omitted)).

Plaintiff has established that Dr. Roberts has been Plaintiff's treating psychiatrist, has been retained as an expert by Plaintiff, and will be designated as a testifying expert for Plaintiff in this case pursuant to the scheduling order. Under Rule 30(c)(1), Plaintiff is therefore entitled to have this witness attend her deposition unless Defendants meet their burden to show good cause for a protective order under Rule

26(c)(1)(E) to exclude Dr. Roberts from Plaintiff's deposition. *See In re Terra*, 134 F.3d at 306.

Defendants have not met their burden to make a particular and specific demonstration of fact sufficient to warrant the protective order that they seek. The Court has not been presented with any evidence to establish that Dr. Roberts's presence would in any way disrupt the deposition, interfere with the questioning, or otherwise be improper.

Plaintiff's counsel made clear at oral argument, and the Court hereby orders, that Dr. Roberts will only be present during the deposition, in the room in which Plaintiff is questioned, without speaking while the deposition is in session or, other than during breaks, communicating, verbally or nonverbally, with Plaintiff. The Court is not persuaded by Defendants' inferences from any statements in Ms. Garza's affidavit or Dr. Roberts's declaration that Dr. Roberts intends to influence or control Plaintiff's testimony or that her presence is likely to negatively influence and interfere with the accuracy of Plaintiff's testimony, inhibiting her from freely and truthfully testifying. Likewise, the Court finds that Wimbish has not met his burden based on his reliance on conjecture that Plaintiff will be intimidated by Dr. Roberts's presence based on Ms. Garza's recounting of Plaintiff's stated belief that Dr. Roberts might testify that Plaintiff is incompetent. Finally, Defendants' arguments regarding whether Dr. Roberts truly needs to be present at the deposition to support Plaintiff do not meet their burden under Rule 26(c)(1), because the issue is not whether Plaintiff has shown good cause (beyond that already explained above) for Dr. Roberts to attend but rather,

where the default rule under Rule 30(c)(1) permits this witness to attend at Plaintiff's election, whether good cause exists to preclude from Plaintiff's deposition her retained expert who will be designated as an testifying expert witness.

Finally, based on the parties' respective positions in connection with these motions, the Court determines that, under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), each party will bear its own costs in connection with these motions.

## Conclusion

The Court GRANTS in part Plaintiff's a Motion to Quash the Subpoena of Plaintiff Paula Longoria [Dkt. No. 40], DENIES Defendant Richie Ladone Wimbish's Motion for Protective Order and Motion to Quash Plaintiff's Deposition [Dkt. No. 46], and DENIES Defendant Dallas County's Motion to Quash in part and/or for Protective Order Regarding Plaintiff's Amended Notice of Plaintiff's Deposition [Dkt. No. 45]. The Court ORDERS that, in both the deposition noticed by Wimbish and the deposition noticed by Plaintiff's counsel, Dr. Catherin Roberts may attend and be present during the deposition of Plaintiff Paula Longoria, in the room in which Plaintiff is questioned, without speaking while the deposition is in session or, other than during breaks, communicating, verbally or nonverbally, with Plaintiff.

SO ORDERED.

DATED: February 24, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE