IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA LONGORIA, | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | NO. 3:14-CV-3111-L |
| | § | |
| COUNTY OF DALLAS, TEXAS and | § | |
| RICHIE LADONE WIMBISH, | § | |
|     Defendants. | § | |

**PLAINTIFF'S MOTION FOR COSTS UNDER FEDERAL RULE 37 FOR DEFENDANT COUNTY OF DALLAS, TEXAS' FAILURE TO ADMIT REQUESTS FOR ADMISSIONS AND BRIEF IN SUPPORT**

Plaintiff Paula Longoria moves this Court for an order awarding her costs pursuant to Federal Rule of Civil Procedure 37 due to Defendant Dallas County's failure to admit requests for admissions, and would show the Court as follows:

**Preliminary Statement**

This Motion is necessary because, for more than six months, Defendant Dallas County did not truthfully answer a number of requests for admissions served on it by Plaintiff Paula Longoria. These requests for admission all dealt with the same subject matter – the charges that Dallas County's own agents had filed against Defendant Richie Ladone Wimbish. Dallas County finally amended its responses, but during the six months between the initial denials and the amendment, Longoria devoted time and resources attempting to prove facts that Dallas County was obligated to admit, including using 4 of the 10 depositions she is allowed to take without leave under Rule 30(a). The Federal Rules do not allow a party to deny matters it knows to be true without consequence. Under Federal Rule of Civil Procedure 37(c)(2), Longoria is entitled to recover her costs incurred in proving the truth of these matters. The Court must award

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 1**

costs unless one of four specific exceptions applies. No exceptions apply here: Dallas County did not object to the requests, there was no reasonable basis for Dallas County's failure to admit, there was no chance that Dallas County could have prevailed on the factual issue, and there was no other "good reason" for not admitting the matters. This type of conduct – refusing to admit matters you know to be true – is precisely what Rule 37(c)(2) is intended to deter.

## Relevant Facts

On April 21, 2015, Plaintiff served her First Requests for Admission on Dallas County in which Longoria asked Dallas County admit ten matters. In its Response to Plaintiff's First Request for Admissions, Dallas County admitted the first matter, that Wimbish had been terminated as a Dallas County employee.[1] Dallas County, however, denied the remaining nine requests without any objection. In particular, Dallas County denied requests 3 through 8, which were:

3. Admit that between August 18, 2012 and September 18, 2012, Defendant Wimbish committed the offense of improper sexual activity with a person in custody at the Dallas County Jail.

4. Admit that defendant Wimbish committed the offense of improper sexual activity between August 18, 2012 and September 18, 2012 inside the Dallas County Jail West Tower Jail Facility.

5. Admit that sometime between August 18, 2012 and September 18, 2012, Defendant Wimbish escorted Plaintiff Paula Longoria out of her cell and to a mattress room in the West Tower Jail Facility.

---

[1] Exhibit 2 - Dallas County Response to Plaintiff's First Request for Admissions at 1.

**Plaintiff's Motion for Costs
Under Fed. R. Civ. P. 37 and Brief in Support – Page 2**

> 6. Admit that sometime between August 18, 2012 and September 18, 2012, Defendant Wimbish was alone with Plaintiff Paula Longoria in a mattress room in the West Tower Jail Facility.
>
> 7. Admit that Defendant Wimbish had improper sexual relations with Plaintiff Paula Longoria in the mattress room of the West Tower Jail Facility sometime between August 18, 2012 and September 18, 2012.
>
> 8. Admit that Defendant Wimbish had improper sexual relations with Plaintiff Paula Longoria in the infirmary area of the West Tower Jail Facility sometime between August 18, 2012 and September 18, 2012.

Dallas County's responses were at odds with its own records and its own actions. Requests 3-8 tracked the allegations against Wimbish made by a Dallas County Peace Officer, in the "Affiant for Arrest Warrant or Capias" dated March 29, 2013, for which the magistrate found probable cause.[2] The truth of these requests is also confirmed by Dallas County's own internal investigation of the matter[3] as well as the Judicial Confession Wimbish signed.[4] Dallas County, however, refused to admit these facts for months while discovery proceeded. On December 30, 2015, more than six month after denying the requests, Dallas County served its Amended Response to Plaintiff's First Request for Admissions Nos. 3-8, in which it admitted Requests 3-8.[5]

As a result of Dallas County's refusal to admit these matters when first requested, it was necessary for Longoria to review documents and undertake additional discovery in an attempt to

---

[2] Exhibit 2 – Arrest Warrant.

[3] Exhibit 3 – Wimbish Investigation File.

[4] Exhibit 4 – Wimbish Judicial Confession.

[5] Exhibit 5 – Amended Response to Requests for Admissions.

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 3**

prove what Dallas County should have admitted. Longoria noticed, prepared for, and took four depositions as a result of Dallas County's refusal to admit the matters as requested:

- the deposition of Jacqueline Nealy Nelson (December 8, 2015), a Dallas County detention officer who during the relevant time period worked on the infirmary floor where the incident involving Longoria took place;

- the deposition of Catherine Mays (December 8, 2015), a Dallas County detention officer who worked on the infirmary floor where the incident involving Longoria took place;

- the deposition of Latoya Neely (December 8, 2015), a Dallas County detention officer who worked on the infirmary floor where the incident involving Longoria took place;

- the deposition of Alfred L. Hutchins (December 30, 2015), the officer who investigated Wimbish regarding the incident involving Longoria.

Longoria's attorneys also conducted a detailed review of documents and records related to the incident itself. As set forth in the Declaration of Lawrence R. Lassiter, Longoria incurred reasonable and necessary attorney's fees in the amount of $8,950.00 as a result of Dallas County's refusal to admit the matters as requested and reasonable and necessary costs in the amount of $1,481.25.[6]

---

[6] Exhibit 6 – Declaration of Lawrence R. Lassiter.

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 4**

## Argument and Authorities

**Point I**  **Under Rule 37(c)(2), the Court Must Award Longoria Her Costs, Including Attorney's Fees, Incurred in Proving the Truth of Requests 3-8, Which Dallas County Denied Without Cause or Good Reason.**

The Motion should be granted and Longoria awarded all costs, including attorney's fees, incurred as a result of Dallas County's denial of the six requests for admissions. Rule 37(c)(2) mandates that a court award costs, including attorney's fees, when a party improperly denies a request for admissions. None of the exceptions recognized by the rule apply here, given that Dallas County never objected, the matters Longoria asked Dallas County to admit were critical to her case, Dallas County had no reasonable basis for believing the matters were not true, and Dallas County had no other good reason for denying matters that, in reality, it knew to be true.

**A.**  **When a Party Improperly Denies a Matter That is True, Rule 37(c)(2) Mandates That Costs, Including Attorney's Fees, be Awarded, Unless an Exception Applies.**

Under Rule 37(c)(2), a court must make such an award when a party fails to admit a matter that was true unless one of the specified objections applies:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter to be true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court **must** so order unless:
>
> (A)  the request was held objectionable under Rule 36(a);
>
> (B)  the admission sought was of no substantial importance;
>
> (C)  the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D)  there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). The rule is clear and strict. It "mandates an award of expenses unless the court finds that an exception applies." *Harolds Stores, Inc. v. Dillard Dept. Stores, Inc.*, 82

F.3d 1533, 1555 (10th Cir. 1996), *citing Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 936 (9th Cir. 1994).

Federal district courts in Texas have consistently applied this rule and awarded costs when a party improperly denies matters that are later proven to be true. In *United States. v. Campbell,* 1988 WL 155929, *1-2 (N.D. Tex. 1988), Judge Fish awarded expenses and attorney's fees, including 40% of expert fees incurred when the defendant denied two requests for admissions regarding customary business practices and the value of certain contracts. The court concluded that the two requests "were directly and closely related to critical issues," defendant knew that the matters were true, the defendant could not have been acting in good faith in denying them, and the plaintiff would not have incurred the fees and expenses but for the improper denial. *Id.* The Eastern District, in *Sparks v. Reneau Pub. Inc.,* 245 F.R.D. 583 (E.D. Tex. 2007), granted a similar motion after the plaintiff, with "no basis under the Federal Rules," refused to admit that he was a public official or public figure and denied the authenticity of certain newspaper articles. In awarding fees and expenses, the court recognized that Rule 37(c)(2) "leaves the Court with no discretion." *Id.* at 588. If none of the exceptions to the rule apply, "this Court is left with no choice but to award" fees and costs associated with proving the matters that were improperly denied. *Id.* The truth of a matter denied does not need to be proven at trial before costs may be awarded under Rule 37(c)(2). In *Vantage Trailers, Inc. v. Beall Corp.,* 2008 WL 4093691 (S.D. Tex. 2008), , the truth of the matter denied was established during discovery where the plaintiff, at his deposition, gave testimony establishing that the denials of the requests were not true. *Vantage Trailers,* 2008 WL 4093681 at *3. In this case, Dallas County itself has acknowledged the truth of the six matters by, belatedly, amending its responses to the six requests for admissions.

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 6**

### B. None of the Exceptions Apply in this Case.

Because none of the exceptions to the rule apply, the Court must awarded Longoria her costs associated with proving the six matters denied by Dallas County during the time period between the denial and Dallas County's ultimate admission that the matters were true.

> 1. Because Dallas County Never Objected to Any of the Requests, Exception (A) – "the request was held objectionable under Rule 36(a)" – Does not Apply

The first exception does not apply because Dallas County did not object to any of the six requests for admissions.[7]

> 2. Exception B Does Not Apply Because the Admissions Were of Substantial Importance to Longoria's Case Against Dallas County.

The issue of whether Wimbish did have a sexual encounter with Longoria while she was incarcerated in the Dallas County Jail is of substantial importance. Longoria's claim under 42 U.S.C. § 1983 that he civil rights were violated is premised on her contention that she was sexually assaulted while in the Jail. Without proof of this fundamental fact, Longoria cannot succeed in proving that she was even injured, much less that her injuries resulted from Dallas County policies that were "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001). If Dallas County were to admit that the incident occurred – which it should have done given that it fired Wimbish and filed criminal charges against him based on the incident – Longoria would not have needed to closely examine the documentation of the incident itself and depose persons who may have been present during the incident or who investigated the incident. Longoria could have instead focused on investigating Dallas County's policies, what its policymakers knew, and whether Dallas County acted with deliberate

---

[7] Exhibit 1.

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 7**

indifference to the known or obvious danger that female prisoners in custody could be sexually assaulted as Longoria was.

It should be noted that Longoria did not have to undertake the identified discovery and investigation to prove her case against Defendant Wimbish. Wimbish had already made a Judicial Confession in the 204th District Court of Dallas County wherein he admitted, *inter alia,* that while he was an employee of Dallas County, he did "intentionally engage in sexual intercourse with PAULA LONGORIA, who was in custody."[8] Given Wimbish's confession to having sexual relations with Longoria while she was in the jail, that issue was not in dispute with respect to Wimbish. Wimbish's claim that the incident was "consensual" presents a separate issue from whether the incident took place.

        3.      Dallas County had no Reasonable Ground to Believe it Might Prevail on the Matter.

The third exception, that "the party failing to admit had a reasonable ground to believe that it might prevail on the matter," also does not apply. There was simply no reasonable basis for Dallas County to believe that the evidence would show that the incident involving Wimbish and Longoria never took place. Dallas County itself fired Wimbish and prosecuted him for violations of Texas law.[9] Dallas County's own internal investigation documented the incident.[10] Wimbish himself confessed that he had sexual relations with Longoria in the Jail.[11] And Dallas County ultimately admitted all six requests.

---

[8] Exhibit 4 – Judicial Confession.

[9] Exhibit 2, Exhibit 3.

[10] Exhibit 3.

[11] Exhibit 4 – Judicial Confession.

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 8**

        4.     There Was no Other Good Reason for Dallas County to Deny the Requests.

Finally, Dallas County had no "good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2)(D). The facts were clear from the beginning. The six requests track Dallas County's own reasons for charging Wimbish with a violation of Texas law, they track the results of Dallas County's own investigation, and Wimbish entered a confession. The refusal to admit facts that were true also cannot simply be chalked up to a "mistake" that a court may overlook. The Rule does not provide for such an exception, and excusing a failure to admit on such a basis would defeat the very purpose of Rule 37(c)(2) itself. As the Ninth Circuit explained in applying this rule, this rule must be enforced to fulfill the purpose behind requests for admissions themselves:

> The Rule mandates an award of expenses unless an exception applies. Enforcement encourages attorneys and parties to identify undisputed issues early to avoid unnecessary costs. Failure to identify those issues wastes the resources of parties and courts . ... Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goals of the Rules, full and efficient discovery, not evasion and word play.

*Marchand,* 22 F.3d at 936-37. For six months, Longoria found it necessary to devote resources and attorney time to prove facts Dallas County *knew* were true, including using three of the depositions she is allowed to take without leave under Rule 30(a). There was no good reason for Dallas County to deny these matters for more than six months, and the Court should therefore award costs as mandated by Rule 37(c)(2).

## Conclusion and Prayer

Longoria asks the Court to grant the motion, order that Dallas County pay Longoria costs including $8,950.00 in reasonable and necessary attorney's fees and $1,481.25 in reasonable and necessary deposition costs, and grant her such other and further relief to which she may be justly entitled.

**Plaintiff's Motion for Costs**
**Under Fed. R. Civ. P. 37 and Brief in Support – Page 9**

MILLER WEISBROD, LLP

By:    /s/ Lawrence R. Lassiter_____
**LES WEISBROD**
Texas Bar No. 21104900
lweisbrod@millerweisbrod.com
**LUKE H. METZLER**
State Bar No. 24072902
lmetzler@millerweisbrod.com
**LAWRENCE R. LASSITER**
State Bar No. 11969850
llassiter@millerweisbrod.com
**KRISTIN MCCLENDON**
State Bar No. 24073615
kmcclendon@millerweisbrod.com
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
(214) 987-0005 Telephone
(214) 987-2545 Facsimile

**ATTORNEYS FOR**
**PLAINTIFF PAULA LONGORIA**

## Certificate of Conference

I hereby certify that on this 8th day of July, 2016, I contacted Dolena Westergard, counsel for Defendant Dallas County, Texas who indicated that Dallas County is opposed to the relief requested herein, so the matter is submitted to the Court for resolution.

   /s/ Lawrence R. Lassiter_____
Lawrence R. Lassiter

## Certificate of Service

     I hereby certify that a true and correct copy of the foregoing document was served on all counsel record through the Court's CM/ECF system on this 8th day of July, 2016.

                                       /s/ Lawrence R. Lassiter  
                                       Lawrence R. Lassiter