IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAULA LONGORIA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § Civil Action No. **3:14-CV-3111-L** |
| COUNTY OF DALLAS, TEXAS and | § |
| RICHIE LADONE WIMBISH, | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Before the court are the following motions: Defendant Dallas County's Motion for Reconsideration (Doc. 117), filed March 15, 2017; Defendant Dallas County's Motion in Limine (Doc. 125), filed June 5, 2017; Plaintiff's Motion for Separate Trials Under Fed. R. Civ. P. 42(b) (Doc. 126), filed June 8, 2017; Plaintiff's Motions in Limine (Doc. 128), filed June 9, 2017; Defendant Richie Ladone Wimbish's Federal Rule of Evidence 412(b)(2) Motion to Admit Evidence of Plaintiff's Sexual Behavior and Sexual Predisposition (Doc. 147), filed June 20, 2017; and Defendant Richie Ladone Wimbish's Motions in Limine (Doc. 158), filed June 27, 2017.

For the reasons herein explained, the court **grants** Defendant Dallas County's Motion for Reconsideration (Doc. 117); **denies as moot** Defendant Dallas County's Motion in Limine (Doc. 125); **denies as moot** Plaintiff's Motion for Separate Trials Under Fed. R. Civ. P. 42(b) (Doc. 126); **denies without prejudice** Plaintiff's Motions in Limine (Doc. 128); **denies without prejudice** Defendant Richie Ladone Wimbish's Federal Rule of Evidence 412(b)(2) Motion to Admit Evidence

of Plaintiff's Sexual Behavior and Sexual Predisposition (Doc. 147); and **denies without prejudice** Defendant Richie Ladone Wimbish's Motions in Limine (Doc. 158).

I.      Motion for Reconsideration

Defendant Dallas County ("Dallas County" or "the County") requests that the court reconsider that portion of its March 13, 2017 opinion (Doc. 116) denying Dallas County's summary judgment motion with respect to Paula Longoria's ("Plaintiff" or "Longoria") claim against the County based on an episodic act or omission. The County contends that, although it acknowledged for purposes of its summary judgment motion that Plaintiff had established a constitutional violation, it successfully challenged the ultimate issue of the County's municipal liability. Dallas County contends that the court's opinion as to the County's section 1983 liability represents the law of the case and forecloses any claim by Plaintiff based on an episodic act or omission because, even if Plaintiff can establish a constitutional violation, she cannot satisfy the second prerequisite for holding the County liable based on an episodic acts or omissions theory under 42 U.S.C. § 1983, which requires evidence that "the municipal employee's act resulted from a municipal's policy or custom adopted or maintained with *objective* deliberate indifference." Def.'s Mot. for Reconsideration 3 (quoting *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc)).

Plaintiff responds that the court correctly determined that any claim by her against the County under an episodic acts or omissions theory remains for trial because the County admits in its Motion for Reconsideration that it did not move for summary judgment on the episodic act theory. Plaintiff contends that, because the County did not move for summary judgment on its liability for the episodic constitutional violation, the court did not have authority to grant summary judgment sua sponte on a ground not requested by the County. Plaintiff, therefore, asserts that the County has not

of Plaintiff's Sexual Behavior and Sexual Predisposition (Doc. 147); and **denies without prejudice** Defendant Richie Ladone Wimbish's Motions in Limine (Doc. 158).

I.      Motion for Reconsideration

Defendant Dallas County ("Dallas County" or "the County") requests that the court reconsider that portion of its March 13, 2017 opinion (Doc. 116) denying Dallas County's summary judgment motion with respect to Paula Longoria's ("Plaintiff" or "Longoria") claim against the County based on an episodic act or omission. The County contends that, although it acknowledged for purposes of its summary judgment motion that Plaintiff had established a constitutional violation, it successfully challenged the ultimate issue of the County's municipal liability. Dallas County contends that the court's opinion as to the County's section 1983 liability represents the law of the case and forecloses any claim by Plaintiff based on an episodic act or omission because, even if Plaintiff can establish a constitutional violation, she cannot satisfy the second prerequisite for holding the County liable based on an episodic acts or omissions theory under 42 U.S.C. § 1983, which requires evidence that "the municipal employee's act resulted from a municipal's policy or custom adopted or maintained with *objective* deliberate indifference." Def.'s Mot. for Reconsideration 3 (quoting *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc)).

Plaintiff responds that the court correctly determined that any claim by her against the County under an episodic acts or omissions theory remains for trial because the County admits in its Motion for Reconsideration that it did not move for summary judgment on the episodic act theory. Plaintiff contends that, because the County did not move for summary judgment on its liability for the episodic constitutional violation, the court did not have authority to grant summary judgment sua sponte on a ground not requested by the County. Plaintiff, therefore, asserts that the County has not

offered any proper basis for the court to reconsider its ruling denying the County's summary judgment motion with respect to her claim against the County based on an episodic act or omission.

Constitutional challenges by pretrial detainees such as Plaintiff are classified as either "an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Scott*, 114 F.3d at 53 (citation omitted). A claim based on an episodic act or omission requires proof of an episodic act or omission ("constitutional violation simpliciter") and "a municipality's liability for that violation." *Id.* at 54 (quoting *Hare v. City of Corinth*, 74 F.3d 633, 649 n.4 (5th Cir. 1996) (en banc). "[T]o prove an underlying constitutional violation in an individual or episodic acts case, a pre-trial detainee must establish that an official acted with *subjective* deliberate indifference." *Id.* at 54 (quoting *Hare*, 74 F.3d at 649 n.4. "To succeed in holding a municipality accountable for that [constitutional] violation, however, the detainee must [also] show that the municipal employee's act resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights." *Id.* at 54 (quoting *Hare*, 74 F.3d at 649 n.4, which in turn quotes *Farmer v. Brennan*, 511 U.S. 825, 841 (1994), for the proposition that "It would be hard to describe the *Canton* [*v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)] understanding of deliberate indifference, permitting liability to be premised on obviousness or constructive notice, as anything but objective.").

In ruling on the County's Rule 12(c) motion for judgment on the pleadings, the court concluded that the County was entitled to judgment on Plaintiff's claim under section 1983 based on a conditions of confinement theory after determining that Plaintiff had abandoned this claim. The court, on the other hand, denied the County's Rule 12(c) motion as to Plaintiff's claim under section 1983 based on an episodic acts or omissions theory because, "although the County moved for

**Memorandum Opinion and Order – Page 3**

judgment on Longoria's section 1983 claim in its entirety and mention[ed] the episodic acts or omissions theory, it d[id] not address why a claim based on this theory fails as a matter of law. Mem. Op. & Order 8. The court also denied the County's summary judgment motion with respect to Plaintiff's claim under section 1983 based on an episodic acts or omissions theory because, although the County incorporated its Rule 12(c) arguments in its summary judgment motion and the County's Rule 12(c) motion mentioned Plaintiff's claim based on episodic acts or omissions, the County did not specifically explain why judgment on this claim was appropriate, and no further argument or evidence was provided in the County's summary judgment motion regarding this claim. *Id.* at 42.

As noted above, the County clarified in its Motion for Reconsideration that, while it did not move for summary judgment on the first requirement for Plaintiff's episodic act or omission claim, that is, the requirement that Plaintiff establish an episodic act or omission (constitutional violation), it did move for judgment on the County's municipal liability, and the court's ruling as to this issue encompasses and negates the second requirement of Plaintiff's episodic act or omission claim. The court agrees.

Although not models of pellucid draftsmanship, the County's summary judgment briefs contained argument regarding the County's municipal liability, including whether the constitutional violation(s) alleged by Plaintiff resulted from a municipal policy or custom adopted or maintained by the County with objective deliberate indifference. The parties also submitted evidence regarding this issue. Thus, the court's prior discussion regarding the County's municipal liability under the standard for deliberate indifference set forth in *City of Canton* was not raised *sua sponte* by the court

or without notice to Plaintiff, as this issue was extensively briefed by both parties.* While this issue was not expressly addressed by the parties or the court in the context of whether Plaintiff could recover under an episodic theory of recovery, the court agrees with Dallas County that its ruling as to the County's municipal liability effectively precludes recovery by Plaintiff under section 1983 based on an episodic acts or omissions theory. Accordingly, the court **grants** Dallas County's Motion for Reconsideration, **vacates** its prior opinion (Doc. 116) as to Longoria's claim under

---

* District courts have authority to enter judgment *sua sponte*, as long as the losing party is provided adequate notice and a reasonable opportunity to respond. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.*, 932 F.2d 442, 445 (5th Cir. 1991); *Sayles v. Advanced Recovery Sys., Inc.*, No. 16-60640, 2017 WL 2872343, at *1 (5th Cir. July 6, 2017) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). Further, a district court with jurisdiction over a case has inherent authority to revisit, reverse, vacate, or modify any interlocutory order entered in the case "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (rejecting the intervenor's argument that it was "'utterly "inexplicable' how a court could one day conclude that there are genuine issues of material fact and later, without the benefit of any additional evidence, conclude to the contrary"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994); *United States v. Horton*, 622 F.2d 144, 148 (5th Cir. 1980) (concluding that a partial summary judgment "is not immutable and has no res judicata effect"). Thus, the court has authority to revisit its prior opinion on Dallas County's summary judgment motion, and, because the issue of municipal liability was raised by the County, not the court, further notice to Plaintiff is not required for the court to revisit the issue. Moreover, Plaintiff had an opportunity to respond to the County's summary judgment motion, as well as the County's motion to reconsider addressing this issue, and the court's prior resolution of the issue regarding the County's municipal liability precludes recovery by Plaintiff under section 1983 based on an episodic acts or omissions theory.

**Memorandum Opinion and Order – Page 5**

section 1983 based on an episodic acts or omissions theory,[2] and will dismiss with prejudice all claims of Plaintiff against Dallas County under section 1983 for alleged constitutional violations.

## II.     Pretrial Motions

The court's ruling as to Dallas County's Motion for Reconsideration moots Dallas County's Motion in Limine (Doc. 125) and Plaintiff's Motion for Separate Trials Under Fed. R. Civ. P. 42(b) (Doc. 126), and the court **denies them moot**.

Further, the court **denies without prejudice** Plaintiff's Motions in Limine (Doc. 128); Defendant Richie Ladone Wimbish's Federal Rule of Evidence 412(b)(2) Motion to Admit Evidence of Plaintiff's Sexual Behavior and Sexual Predisposition (Doc. 147); and Defendant Richie Ladone Wimbish's Motions in Limine (Doc. 158). Many of the matters included in Plaintiff's and Defendant Wimbish's Motions in Limine are "standard" or "boilerplate" requests that are not specifically tailored to the facts of this case, even though the court's scheduling order specifically precludes the inclusion of such requests in motions in limine. Defendant Wimbish's Motion in Limine also includes several requests regarding expert testimony that should have been raised by separate motion

---

[2] Specifically, the court **vacates** the following from its prior opinion: the words "and denies in part" that precede the reference to Defendant Dallas County's Motion for Summary Judgment (Doc. 96) on pages 1 and 42; the statement on pages 1 through 2 and 44 that Plaintiff's claim under section 1983 based on episodic acts or omissions remains for trial; the paragraph on page 8 that contains the following: "On the other hand, the court concludes that County is not entitled to judgment on Longoria's claim under section 1983 based on an episodic acts or omissions theory because, although the County moved for judgment on Longoria's section 1983 claim in its entirety and mentions the episodic acts or omissions theory, it does not address why a claim based on this theory fails as a matter of law. Accordingly, the court will deny the County's motion for judgment on Longoria's claim under section 1983 based on an episodic acts or omissions theory."; the following language on page 42: "The court will deny the County's summary judgment motion regarding Plaintiff's claim under section 1983 based on an episodic acts or omissions theory because, as previously explained, the County's Rule 12(c) motion mentions Plaintiff's claim based on episodic acts or omissions, but the County did not specifically move for judgment on this claim or explain why judgment on this claim is appropriate, and no further argument or evidence was provided in the County's summary judgment motion regarding this claim. Accordingly, Plaintiff's claim under section 1983 based on an episodic acts or omissions theory remains for trial."; the statement "but not Plaintiff's theory based on episodic acts or omissions" on page 43; and the statement on pages 43 through 44 that: "no factual or legal basis for dismissing this claim was provided by the County in its summary judgment motion or its Rule 12(c) motion, which was incorporated by reference in its summary judgment motion. The court, therefore, denies the County's summary judgment motion as to this claim."

by the July 15, 2016 scheduling order deadline for challenging expert testimony. While the parties filed a notice of agreement on July 15, 2016, to extend the deadline for completing expert discovery, they did not request to extend the July 15, 2016 deadline for challenging expert testimony, and this deadline was not extended by the court after it expired. Additionally, the court determines that other matters raised in the motions in limine regarding Plaintiff's or Defendant Wimbish's prior criminal and sexual history can be addressed closer in time to the trial setting and pretrial conference, which are currently set in May 2018. The court is aware that one of Plaintiff's attorneys notified the court of potential conflicts in April and May 2018 due to previously planned vacations. For this reason and because the court's trial docket for May 2018 is full, it will need to reset the trial of this case to a later date.

Accordingly, the court **vacates** the May 2018 trial setting and May 3, 2018 pretrial conference, and, after determining the court's and party's availability for trial at a later date, the court will reset the trial, pretrial conference, and the deadline for Plaintiff and Defendant Wimbish to file amended pretrial motions and motions in limine that comply with the court's orders and requirements for such motions. The amended deadline for filing pretrial motions, including motions in limine, however, will not extend to expert challenges. *If either Plaintiff or Defendant Wimbish intends to challenge the other party's expert testimony or seek rulings regarding the admissibility of expert testimony prior to trial, they must first show good cause for the failure to meet the July 15, 2016 scheduling order deadline for challenging expert testimony.*

### III. Conclusion

For the reasons stated, the court **grants** Defendant Dallas County's Motion for Reconsideration (Doc. 117); **denies as moot** Defendant Dallas County's Motion in Limine (Doc.

125); **denies as moot** Plaintiff's Motion for Separate Trials Under Fed. R. Civ. P. 42(b) (Doc. 126); **denies without prejudice** Plaintiff's Motions in Limine (Doc. 128); **denies without prejudice** Defendant Richie Ladone Wimbish's Federal Rule of Evidence 412(b)(2) Motion to Admit Evidence of Plaintiff's Sexual Behavior and Sexual Predisposition (Doc. 147); and **denies without prejudice** Defendant Richie Ladone Wimbish's Motions in Limine (Doc. 158).

Accordingly, all claims against Dallas County based on an episodic theory of liability are **dismissed with prejudice**. In light of this opinion and the court's opinion of March 13, 2017 (Doc. 116), no claims remain against Dallas County; and the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to Defendant Dallas County and **directs** the clerk of the court to enter a final judgment as to it.

**It is so ordered** this 9th day of January, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge